UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> MUKUND MOHAN, <br><br> Defendant. | NO. CR21-041 JCC <br><br> **INFORMATION** |

The United States Attorney and the Department of Justice charge that:

### COUNT 1
### (Wire Fraud)

Beginning in or about April 2020 and continuing until in or about June 2020, at Seattle, in the Western District of Washington and elsewhere, MUKUND MOHAN, knowingly devised and intended to devise a scheme and artifice to defraud financial institutions and the United States, and to obtain money and property by means of materially false and fraudulent pretenses, representations and promises.

*A. Manner and Means*

1.  It was part of the scheme that MOHAN submitted fraudulent loan applications to financial institutions seeking millions of dollars in funds through the Paycheck Protection Program ("PPP"), on behalf of Zuput, Inc. ("Zuput"), Zigantic, LLC ("Zigantic"), GitGrow, Inc. ("GitGrow"), Vangal, Inc. ("Vangal"), and Expect Success,

Information - 1
*United States v. Mukund Mohan,* No. CR21-____

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Inc. ("Expect Success").

2. It was further part of the scheme that MOHAN submitted a fraudulent loan application to a financial institution, seeking approximately $431,250 in funds through the PPP on behalf of Mahenjo, Inc. ("Mahenjo").

3. In support of Mahenjo's fraudulent loan application, MOHAN made numerous false and misleading statements, including, but not limited to statements that:

   a. on February 15, 2020, Mahenjo was in operation and had employees for whom it paid salaries and payroll taxes or paid independent contractors;

   b. in 2019, Mahenjo's payroll expenses were more than $2.3 million;

   c. Mahenjo's owner, MOHAN, was not the owner of any other business and did not manage any other business.

4. In further support of Mahenjo's fraudulent loan application, MOHAN submitted fake and altered documents, including fake federal tax filings, fake payroll reports, and altered incorporation documents.

5. It was further part of the scheme that the total amount of the eight loans for which Mohan applied was $5,533,182, and that the total amount of PPP loan proceeds that Mohan received from the five PPP loans that were approved was $1,786,357.

### B. *Execution*

6. On or about June 4, 2020, at Clyde Hill, in the Western District of Washington and elsewhere, MOHAN, for the purpose of executing the scheme described above transmitted and caused to be transmitted by means of wire, radio, and television communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds for the purpose of executing such scheme and artifice, to wit, an interstate wire from the State of Washington to the State of California as part of the Fedwire transfer in the amount of $431,250 from Peoples Bank's bank account to Mahenjo's JP Morgan Chase ("JPMC") bank account.

All in violation of Title 18, United States Code, Section 1343.

Information - 2
*United States v. Mukund Mohan,* No. CR21-____

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

## COUNT 2
### (Money Laundering)

On or around May 26, 2020, at Clyde Hill, and elsewhere, in the Western District of Washington, MUKUND MOHAN did knowingly cause and engage in, and attempt to cause and engage in, a monetary transaction by, through, and to a financial institution, affecting interstate commerce, in criminally derived property of a value greater than $10,000, that is, the transfer of $50,000 from Zigantic's bank account at Azlo Business, Inc., with account number ending in 3419 to MUKUND MOHAN's personal brokerage account at Robinhood, with account number ending in 4609, such property having been derived from a specified unlawful activity, namely, Wire Fraud in violation of Title 18, United States Code, Section 1343.

All in violation of Title 18, United States Code, Section 1957(a).

## ASSET FORFEITURE ALLEGATIONS

All of the allegations contained in this Information are hereby realleged and incorporated by reference for the purpose of alleging forfeiture.

Upon conviction of the offense alleged in Count 1, the defendant MUKUND MOHAN shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C), by way of Title 28, United States Code, Section 2461(c), any property that constitutes or is traceable to proceeds of the offense. This property includes but is not limited to:

 a. $4,500 in U.S. funds seized on July 23, 2020 from Azlo account ending in 0798, held in the name of Vangal, Inc.;
 b. $73,262.38 in U.S. funds seized on July 23, 2020 from Azlo account ending in 3419, held in the name of Zigantic, LLC;
 c. $129,295.46 in U.S. funds seized on July 30, 2020 from Bank of America account ending in 6319, held in the name of Zuput, Inc.;

Information - 3
*United States v. Mukund Mohan,* No. CR21-____

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

      d. $394,000 in U.S. funds seized on July 24, 2020 from Chase Bank account ending in 8877, held in the name of Expect Success, Inc.;

      e. $431,250 in U.S. funds seized on July 24, 2020 from Chase Bank account ending in 9159, held in the name of Majenjo, Inc.;

      f. $506,277 in U.S. funds seized on July 24, 2020 from Chase Bank account ending in 9773, held in the name of Gitgrow, Inc.;

      g. $231,471 in U.S. funds seized on July 23, 2020 from Robinhood account ending in 4609, held in the name of Mukund Mohan; and,

      h. a sum of money in the amount of $16,301.16, reflecting the unrecovered proceeds the defendant obtained from the offense.

Upon conviction of the offense alleged in Count 2, the defendant MUKUND MOHAN shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(1), any property involved in the offense.

**Substitute Assets.** If any of the above-described forfeitable property, as a result of any act or omission of the relevant defendant,

      a. cannot be located upon the exercise of due diligence;

      b. has been transferred or sold to, or deposited with, a third party;

      c. has been placed beyond the jurisdiction of the Court;

      d. has been substantially diminished in value; or,

      e. has been commingled with other property which cannot be divided without difficulty;

//
//
//

Information - 4
*United States v. Mukund Mohan,* No. CR21-____

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

it is the intent of the United States to seek the forfeiture of any other property of the defendant, up to the value of the above-described forfeitable property, pursuant to Title 21, United States Code, Section 853(p).

DATED this 9TH day of March, 2021.

TESSA M. GORMAN
Acting United States Attorney

ANDREW C. FRIEDMAN
Assistant United States Attorney

s/Daniel S. Kahn

DANIEL S. KAHN
Acting Chief
Fraud Section, Criminal Division
Department of Justice

s/ Christopher Fenton

CHRISTOPHER FENTON
Trial Attorney
Fraud Section, Criminal Division
Department of Justice

Information - 5
United States v. Mukund Mohan, No. CR21-____

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970