UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. CR21-0041-JCC |
| Plaintiff, | ORDER |
| v. | |
| MUKUND MOHAN, | |
| Defendant. | |

This matter comes before the Court on the Government's unopposed Motion for Entry of a Preliminary Order of Forfeiture (Dkt. No. 49) seeking to forfeit, to the United States, Defendant Mukund Mohan's interest in the following property (the "Subject Property"):

1. $4,500 in U.S. funds seized on July 23, 2020 from the Azlo account ending in 0798 held in the name of Vangal, Inc.;

2. $73,262.38 in U.S. funds seized on July 23, 2020 from the Azlo account ending in 3419 held in the name of Zigantic, LLC;

3. $129,295.46 in U.S. funds seized on July 30, 2020 from the Bank of America account ending in 6319 held in the name of Zuput, Inc.;

4. $394,000 in U.S. funds seized on July 24, 2020 from the Chase Bank account ending in 8877 held in the name of Expect Success, Inc.;

5. $431,250 in U.S. funds seized on July 24, 2020 from the Chase Bank account ending in 9159 held in the name of Mahenjo, Inc.;

6. $506,277 in U.S. funds seized on July 24, 2020 from the Chase Bank account ending in 9773 held in the name of Gitgrow, Inc.; and

7. $231,471 in U.S. funds seized on July 23, 2020 from the Robinhood account ending in 4609, held in the name of Mukund Mohan.

The Court, having reviewed the Government's motion, as well as the other papers and pleadings filed in this matter, hereby FINDS entry of a Preliminary Order of Forfeiture is appropriate because:

- The proceeds of *Wire Fraud*, in violation of 18 U.S.C. § 1343, are forfeitable pursuant to 18 U.S.C. § 981(a)(1)(C), by way of 28 U.S.C. § 2461(c);
- Property involved in *Money Laundering*, in violation of 18 U.S.C. § 1957, are forfeitable pursuant to 18 U.S.C. § 982(a)(1);
- Pursuant to the Plea Agreement he entered on March 15, 2021, Defendant agreed to forfeit the Subject Property pursuant to 18 U.S.C. § 981(a)(1)(C), by way of 28 U.S.C. § 2461(c), and 18 U.S.C. § 982(a)(1). (Dkt. No. 41 ¶ 13.)

Accordingly, the Court ORDERS as follows:

1) Pursuant to 18 U.S.C. § 981(a)(1)(C), by way of 28 U.S.C. § 2461(c), 18 U.S.C. § 982(a)(1), and Defendant's plea agreement, Defendant's interest in the Subject Property is fully and finally forfeited, in its entirety, to the United States;

2) Pursuant to Federal Rule of Criminal Procedure 32.2(b)(4)(A)–(B), this Preliminary Order will be final as to Defendant at the time he is sentenced, it will be made part of the sentence, and it will be included in the judgment;

3) The U.S. Department of Treasury, the Internal Revenue Service, and/or its authorized agents or representatives shall maintain the Subject Property in its custody and control until further order of this Court;

4) Pursuant to Federal Rule of Criminal Procedure 32.2(b)(6) and 21 U.S.C. § 853(n), the United States shall publish notice of this Preliminary Order and its intent to dispose of the Subject Property as permitted by governing law. The notice shall be posted on an official government website—currently www.forfeiture.gov—for at least thirty (30) days. For any person known to have alleged an interest in the Subject Property, the United States shall, to the extent possible, provide direct written notice to that person. The notice shall state that any person, other than Defendant, who has or claims a legal interest in the Subject Property must file a petition with the Court within sixty (60) days of the first day of publication of the notice (which is thirty (30) days from the last day of publication), or within thirty (30) days of receipt of direct written notice, whichever is earlier. The notice shall advise all interested persons that the petition:

    a. shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the property;

    b. shall be signed by the petitioner under penalty of perjury; and,

    c. shall set forth the nature and extent of the petitioner's right, title, or interest in the property, as well as any facts supporting the petitioner's claim and the specific relief sought.

    d. If no third-party petition is filed within the allowable time period, the United States shall have clear title to the Subject Property, and this Preliminary Order shall become the Final Order of Forfeiture as provided by Federal Rule of Criminal Procedure 32.2(c)(2);

5) If no third-party petition is filed within the allowable time period, the United States shall have clear title to the Subject Property, and this Preliminary Order shall become the Final Order of Forfeiture as provided by Fed. R. Crim. P. 32.2(c)(2);

6) If a third-party petition is filed, upon a showing that discovery is necessary to resolve factual issues it presents, discovery may be conducted in accordance with the Federal Rules of

Civil Procedure before any hearing on the petition is held. Following adjudication of any third-party petitions, the Court will enter a Final Order of Forfeiture, pursuant to Federal Rule of Criminal Procedure 32.2(c)(2) and 21 U.S.C. § 853(n), reflecting that adjudication; and,

7) The Court will retain jurisdiction for the purpose of enforcing this Preliminary Order, adjudicating any third-party petitions, entering a Final Order of Forfeiture, and amending the Preliminary Order or Final Order as necessary pursuant to Federal Rule of Criminal Procedure 32.2(e).

DATED this 16th day of July 2021.

John C. Coughenour
UNITED STATES DISTRICT JUDGE