| | The Honorable John C. Coughenour |
|---|---|

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> MUKUND MOHAN, <br><br> Defendant. | No. 2:21-cr-00041-JCC <br><br> **REPLY SENTENCING MEMORANDUM** |

On August 19, 2021, the government filed a Supplemental Sentencing Memorandum. The primary purpose of this memorandum appears to be to call the Court's attention to a recent sentencing in another PPP loan fraud case, *United States v. Hsu*, 20-cr-191 JLR. In that case, the defendant, Dr. Austin Hsu, was sentenced to serve a 24-month term of imprisonment. The government also cited two other recently sentenced PPP loan fraud cases from other districts, *United States v. Philus*, 1:21-cr-20067 (SDFL) and *United States v. Smith*, 20-cr-196 (EDWI). The Defendant, Mukund Mohan, files this Reply to the Government's Supplemental Sentencing Memorandum. For the reasons stated herein, neither the *Hsu* case, nor the cases from outside the District, provide support for the government's sentencing recommendation in this case.



501 East Pine Street, Suite 201
Seattle, Washington 98122
phone 206.516.3800  fax 206.516.3888

We initially note that *at the time* the government filed sentencing memoranda in each of the three PPP loan fraud cases in this district, it recommended virtually the same term of incarceration – *United States v. Zhang,* 2:20-cr-169 RAJ (33 months); *United States v. Hsu,* 20-cr-191 JLR (33 months); *United States v. Mohan,* 2:21-cr-041 JCC (36 months). Thus, at the time each recommendation was made, the government apparently concluded that approximately the same punishment was appropriate for all three defendants. Notwithstanding its recommendation in *Zhang*, however, the government asserted in its Sentencing Memorandum in this case that "Zhang's case is not a good comparable." The government argued that because the amount of loans sought ($1.6 Million) and received ($16,500) by Zhang was substantially less than those sought ($5.5 Million) and received ($1.75 Million) by Mohan, and because Zhang was fearful of losing his $19,000/month job as a computer engineer with Lyft, the two cases are very different. Similarly, the government now argues in its Supplemental Memorandum that *Hsu* portends a substantially higher sentence in *Mohan* because the amount of loans sought ($1.2 Million) and received ($709,000) by Hsu was much less than the comparable figures for Mohan.

The government's singular focus on the amount of loans sought and received was not convincing to the Court in *Zhang* and, respectfully, it should not be any more compelling to this Court. The sentencing guideline range, which is derived in part from the loss computation, serves only as a starting point in the sentencing process. The actual sentence must also be based on a broad range of factors as set forth in 18 U.S.C. § 3553(a). The dollar amounts sought and received during a criminal episode tell only a small part of the story and, in the present case, we suggest nothing close to the complete picture. Thus, in *Zhang* the defendant argued at length that the Court in fraud cases should focus on the amount of money or property lost. He urged the Court to impose a probationary sentence. The Court sentenced him to serve a 60-day term of imprisonment.

REPLY SENTENCING MEMORANDUM
NO. 2:21-cr-00041-JCC – Page 2

Yarmuth LLP

501 East Pine Street, Suite 201
Seattle, Washington 98122
phone 206.516.3800   fax 206.516.3888

The higher sentence in *Hsu* may also be attributed to many factors apart from the amount of loans sought and received. For example, the government stressed in its Sentencing Memorandum in *Hsu* that in the months immediately after receiving the fraudulent loan, Dr. Hsu gave himself and his live-in girlfriend increased salaries totaling more than $70,000 and $55,000, respectively. The government also noted that after its seizure of remaining loan proceeds, there was a balance outstanding of $191,427, which the defendant later paid. Finally, it is perhaps noteworthy that despite Dr. Hsu's substantial savings, the government did not threaten him with the "double-whammy" of non-restoration of the forfeited funds and did not insist on a $100,000 stipulated fine.

As we have previously stressed in our Sentencing Memorandum, there is much about the crime and the defendant in *Mohan* that is highly unusual and serves to set both apart from almost all other cases. To briefly summarize, the defendant did not touch most of the loan proceeds and they were later seized by the government; the victims of this crime lost nothing; the defendant quit his criminal wrongdoing long before the government interceded; the defendant has a sterling record of professional accomplishments and familial stability before his short-lived missteps; and, the defendant has sought mental health counseling and taken all possible steps to ensure that he does not reoffend.

The other two cases cited by the government in its Supplemental Memorandum provide no greater support for its sentencing recommendation. It also cited both *Philus* and *Smith* in its *Hsu* Sentencing Memorandum, but neither there nor here does it bother to alert the Court to the most salient facts. In *Philus*, an obvious factor of great significance in sentencing was that the defendant had five criminal history points, reflecting his repeated brushes with the criminal justice system. In *Smith*, the defendant was an organizer of a five-person conspiracy to file fraudulent loan applications, he recruited others to join in the criminal undertakings, he lied to FBI agents when confronted, and he was paid portions of

REPLY SENTENCING MEMORANDUM
NO. 2:21-cr-00041-JCC – Page 3

Yarmuth LLP

501 East Pine Street, Suite 201
Seattle, Washington 98122
phone 206.516.3800   fax 206.516.3888

the loans which he helped others obtain.  Both these cases are readily distinguishable from the instant case.

In summary, the government's Supplemental Sentencing Memorandum does not provide meaningful support for its recommended sentence in this case.  Indeed, it serves only to highlight that care is required in comparing cases involving similar criminal conduct and it is only the rare case which provides meaningful guidance.  We believe that *Zhang* is such a case.  There are concededly differences as there will be between any two cases and defendants, but the similarities in these two cases are especially meaningful.  Mr. Mohan spent about $16,500 of the loan proceeds he received; Mr. Zhang spent the identical amount.  Neither defendant's conduct caused any loss to victims or taxpayers.  Both defendants are well-educated otherwise successful computer engineers, with no prior criminal histories, who for approximately two-month periods during the pandemic, lost their way.  Mr. Zhang was deemed not to be a threat to the community because he was likely to be deported; Mr. Mohan is considered unlikely to reoffend and not to pose a threat to his community by an experienced mental health counselor with whom he has worked closely.  We respectfully urge the Court to impose the same sentence in this case that Judge Jones imposed in *Zhang*.

Dated: August 20, 2021.

Respectfully submitted,

**YARMUTH LLP**

By: *s/Robert Westinghouse*
Robert Westinghouse, WSBA No. 6484
501 East Pine Street, Suite 201
Seattle, WA 98122
Phone: 206.516.3800
Email: rwestinghouse@yarmuth.com

*Attorneys for Defendant Mukund Mohan*

